**FILED**
OCT 13 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

CLERK

| | |
|---|---|
| GARY EIKMEIER,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>Defendant. | CIV. #16-4147<br><br>**COMPLAINT AND DEMAND<br>FOR TRIAL BY JURY** |

COMES NOW the Plaintiff, Gary Eikmeier, by and through his counsel of record, and for his causes of action against the Defendant, hereby states and alleges as follows:

**PARTIES**

1.  Plaintiff Gary Eikmeier (hereinafter "Plaintiff") is a citizen of the State of South Dakota and resident of Moody County, South Dakota.

2.  Upon information and belief, Defendant American Family Mutual Insurance Company (hereinafter "Defendant") is a corporation duly organized and existing under the laws of Wisconsin, with its principal place of business in Madison, Wisconsin, and, at all relevant times, was duly authorized to issue insurance policies in the State of South Dakota. At all times relevant hereto, Defendant provided auto coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number 0972-0083-08-81-FPPA-SD ("the Policy"). The Policy was fully paid, effective and in force during the relevant dates in this matter.

**JURISDICTION AND VENUE**

3.  Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

1

4. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. On or about July 13, 2015, Plaintiff was in his vehicle traveling westbound on 237th Street in rural Moody County, South Dakota.

6. At the same time, an uninsured tortfeasor, Joshua Krempges, was traveling southbound on 485th Avenue in rural Moody County, South Dakota with 4 minor children in his vehicle. Krempges failed to stop at a stop sign at the intersection of 237th Street and 485th Street in rural Moody County, South Dakota, causing a collision between Krempges's vehicle and Plaintiff's vehicle while Plaintiff's vehicle was passing through the intersection.

7. The collision and the Plaintiff's resulting injuries and other damages were the fault of Joshua Krempges. The collision between Krempges and Plaintiff's vehicle was solely and proximately caused by Krempges's negligence. Krempges and two minor children in his vehicle were killed as a result of the collision.

8. As a direct and proximate result of the collision, Plaintiff sustained injuries and damages, including, but not limited to, personal injuries which required medical treatment. Additionally, he has experienced pain and suffering, permanent impairment and disability, emotional distress, and loss of enjoyment of the capacity of life, loss of past and future earned wages, past and future medical costs and expenses, and other general and special damages.

9. At the time of the collision on July 13, 2015, Plaintiff was insured under a policy of automobile insurance issued by Defendant with the Policy Number 0972-0083-08-81-FPPA-SD ("the Policy"). As part of said policy issued by Defendant, Plaintiff paid a separate premium to purchase uninsured motorist coverage in the amount of $250,000 per person/$500,000 per accident.

10. Plaintiff sought recovery of uninsured (UM) benefits from the Defendant for Plaintiff's damages, in accordance with the terms of the Policy, but was denied full compensation.

## COUNT I
### *Breach of Contract*

11. Plaintiff hereby realleges paragraphs 1 through 10 and incorporates them as if fully set forth herein.

12. The purpose of the insurance policy provided by Defendant was to provide benefits to Plaintiff in case of an automobile accident, and specifically to provide uninsured benefits if an insured and/or insured driver was injured and/or sustained economic losses as a result of an uninsured motorist.

13. At all times relevant to these proceedings, the policy of insurance providing Plaintiff with uninsured motorist coverage referenced herein was in full force and effect.

14. Defendant has a duty to pay the expenses and damages Plaintiff incurred as a result of the uninsured driver's negligence. These expenses and damages were incurred on and after July 13, 2015.

15. To date, Defendant has refused to pay the full benefits owed to Plaintiff under the policy.

16. Defendant breached its duty to Plaintiff in, but not limited to, its evaluation of the automobile insurance policy. Defendant's evaluation was inconsistent with the underlying policy's goal of providing uninsured benefits when an insured and/or insured driver are injured and/or sustain damages because of the negligent acts of an uninsured motorist.

17. As a direct and proximate cause of the Defendant's breach of duty, Plaintiff has sustained damages in an amount to be determined by the trier of fact.

18. Plaintiff has been forced to institute these legal proceedings in an effort to collect the uninsured benefits justly due him.

19. Plaintiff has offered to conduct a pre-suit mediation with Defendant as well as offered to be interviewed and meet with Defendant to discuss resolution, which offers have been unreasonably refused by Defendant.

20. Defendant's evaluation and offers have been unreasonable within the meaning and spirit of SDCL § 58-12-3, entitling Plaintiff to his reasonable attorney's fees, costs and expenses for bringing this action.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For Plaintiff's uninsured motorist benefits due and owing under the policy, including, but not limited to, special damages, general damages, and pain and suffering;

2. For prejudgment and post-judgment interest;

3. For Plaintiff's costs, disbursements, attorney fees pursuant to SDCL 58-12-3, and consequential damages resulting from the Defendant's refusal to pay benefits; and

4. For any other and further relief the Courts deems just and proper under the circumstances.

Dated this 11th day of October, 2016.

JOHNSON, JANKLOW, ABDALLAH,
REITER AND PARSONS, LLP

BY _____
A. Russell Janklow (russ@janklowabdallah.com)
Kimberly J. Lanham (kim@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
Phone: 605-338-4304
Fax: 605-338-4162
*Attorneys for Plaintiff*

4

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
A. Russell Janklow
Kimberly J. Lanham